IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 3:18-CR-36-TAV-DCP |
| LEONARD B. BROWN, and | ) | |
| DERRICK S. SEALS, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on May 30, 2018, for a motion hearing on the Motion to Withdraw [Doc. 19] filed by Attorney Jonathan M. Holcomb, defense counsel for Defendant Leonard Brown. Assistant United States Attorney Caryn L. Hebets represented the Government. Mr. Holcomb appeared with Defendant Brown. Attorney Kimberly A. Parton represented Defendant Seals. Both Defendants were also present.

In the Motion to Withdraw, Mr. Holcomb states that he has a conflict of interest in representing Defendant Brown and that this conflict cannot be waived. At the hearing, Mr. Holcomb reported that AUSA Hebets is aware of his conflict in representing Defendant Brown and that she agrees that the conflict cannot be waived. Mr. Holcomb stated that he could not provide any other information about the conflict without potentially revealing confidential information. He said that he told Defendant Brown about the conflict but that he could not tell Mr. Brown why he has a conflict. AUSA Hebets stated that the Government is aware of Mr.

1

Holcomb's conflict and that she agrees that it exists and is not waivable. Ms. Parton stated that she is also aware of the situation and agrees that Mr. Holcomb's conflict is not subject to waiver.

The Court finds Mr. Holcomb's Motion to Withdraw to be well taken, due to an actual conflict of interest, which all parties agree exists. Thus, the Court finds good cause to permit Mr. Holcomb to withdraw as counsel of record for the Defendant. Defense counsel's Motion to Withdraw [**Doc. 19**] is **GRANTED**, and Attorney Holcomb is **RELIEVED** as counsel for Defendant Brown. *See Wheat v. United States*, 486 U.S. 153, 160 (1988) (holding that a court may disqualify the defendant's counsel, even when the defendant offers to waive any conflict, because of its independent interest in assuring the ethical standards of the profession and the appearance of fairness to those observing legal proceedings).

The Court recognizes Defendant Brown's need to be represented by conflict-free counsel. *Glasser v. United States*, 315 U.S. 60, 70 (1942) (holding that the Sixth Amendment right to counsel encompasses the right to have an attorney without a conflict), *superseded by rule on another issue Bourjaily v. U.S.*, 483 U.S. 171, 181 (1987). Defendant Brown said that he cannot afford to hire new counsel and asked the Court to appoint counsel for him. The undersigned has reviewed Defendant Brown's financial affidavit and finds that he qualifies for appointed counsel. Attorney James H. Varner, Jr., was present at the hearing and agreed to represent Defendant Brown in this case. Accordingly, the Court hereby **SUBSTITUTES** and **APPOINTS** Mr. Varner as counsel of record for Defendant Brown pursuant to the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A. AUSA Hebets informed the Court that, although she had made the discovery available to Mr. Holcomb, he has not picked it up. The Court directed Mr. Varner to arrange with AUSA Hebets to collect the discovery as soon as possible.

Following his appointment, Mr. Varner made an oral motion to continue the June 12, 2018 trial date in this case and to reset other deadlines. He argued that a continuance is necessary to give him time to review the discovery, meet with Defendant Brown, and prepare the case for trial. The Government did not oppose this request, and Ms. Parton stated that Defendant Seals joins in the request for a continuance. The parties agreed on a new trial date of September 18, 2018.

Given the circumstances of Mr. Varner's appointment, the Court finds the oral motion to continue the trial and other dates is well taken and that the ends of justice served by continuing the trial outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court observes that Defendants Brown and Seals are charged [Doc. 9] with conspiring to distribute methamphetamine from January 1, 2016, to April 3, 2018 (Count One). They are each also charged with a substantive count of distributing methamphetamine (Counts Two and Three) and with possessing a firearm in furtherance of a drug trafficking offense (Counts Four and Five). The Court substituted new counsel for Defendant Brown at the May 30 hearing. The Court finds that continuing the trial for three months is necessary in order to permit counsel the "reasonable time necessary for effective preparation." 18 U.S.C. § 3161(h)(7)(B)(iv). Mr. Varner is new to the case and needs time to review discovery, prepare and litigate pretrial motions, interview witnesses, confer with Defendant Brown, and prepare the case for trial. Defendant Seals joins in the request for a continuance. The Court finds that requiring the parties to proceed to trial on June 12, 2018, would deprive counsel of the reasonable time necessary to prepare effectively for trial even taking into account their acting with due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the Defendants' joint oral motion to continue the trial is **GRANTED**, and the trial of this matter is reset to **September 18, 2018**. The Court finds that all the time between the filing of the Motion to Withdraw on May 23, 2018, and the new trial date of September 18, 2018,

is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(7)(A)-(B). With regard to other scheduling in this case, the Court set a new motion deadline of **June 29, 2018**. Responses to motions are due on or before **July 13, 2018**. The parties are to appear before the undersigned for a pretrial conference and motion hearing on all pretrial motions on **August 17, 2018, at 10:00 a.m.** This date will also be the deadline for concluding plea negotiations and providing reciprocal discovery. The Court instructs the parties that all motions *in limine* must be filed no later than **August 31, 2018**. Special requests for jury instructions shall be submitted to the District Judge no later than **September 7, 2018**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) Attorney Jonathan Holcomb's Motion to Withdraw [**Doc. 19**] is **GRANTED**. Mr. Holcomb is permitted to withdraw and is **DIRECTED** to provide new defense counsel with any helpful information from the Defendant's file as soon as possible;

(2) Attorney James H. Varner, Jr., is **SUBSTITUTED** and **APPOINTED** as counsel of record for Defendant Brown pursuant to the CJA;

(3) The Defendants' joint oral motion to continue the trial is **GRANTED**;

(4) The trial of this case is reset to commence on **September 18, 2018**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, Chief United States District Judge;

(5) All time between the filing of the Motion to Withdraw on **May 23, 2018**, and the new trial date of **September 18, 2018**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(6) The deadline for filing pretrial motions is **June 29, 2018**;

(7) Responses to motions are due on or before **July 13, 2018**;

(8) The parties are to appear before the undersigned for a pretrial conference and hearing on all pending pretrial motions on **August**

4

**17, 2018, at 10:00 a.m.** This date is also the deadline for concluding plea negotiations and providing reciprocal discovery;

(9) All motions *in limine* must be filed no later than **August 31, 2018**; and

(10) Special requests for jury instructions shall be submitted to the Chief District Judge no later than **September 7, 2018**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

**IT IS SO ORDERED.**

                     ENTER:

                     */s/ Debra C. Poplin*
                     Debra C. Poplin
                     United States Magistrate Judge