IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,           )
                                    )
                  Plaintiff,        )
                                    )
v.                                  )           No. 3:18-CR-36-TAV-DCP
                                    )
LEONARD B. BROWN, et al,            )
                                    )
                  Defendants.       )

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on August 17, 2018, for arraignment on the Second Superseding Indictment [Doc. 154], and a motion hearing on Defendant Kenneth Cooper's Motion to Continue Motion Deadline, Pretrial Conference, Plea Deadline, and Trial Date [Doc. 119], filed on July 19, 2018. Four codefendants have moved to adopt Defendant Kenneth Cooper's motion: Defendant Angelina Barton [Doc.120], Defendant Mark Rouse [Doc. 122], Defendant Codie Hickman [Doc. 123], Defendant Joseph Rouse [Doc. 124], and Defendant Alisha Daniels [Doc. 130]. Additionally, Defendant Brandy Jones filed a response [Doc. 158], stating that she agrees with all of the motions to continue the trial and all deadlines.

Assistant United States Attorney Caryn L. Hebets appeared on behalf of the Government. The following defense counsel represented the Defendants: Attorney James H. Varner, Jr., for Defendant Leonard B. Brown; Attorney Joshua D. Hedrick for Defendant Amber R. Shore; Attorney Gerald L. Gulley, Jr., for Defendant Codie D. Hickman; Attorney Mike Whalen for Defendant Angelina Allison Barton; Attorney Wesley D. Stone for Defendant Joseph D. Rouse;

Attorney Jonathan S. Wood appeared by telephone for Defendant John W. Cooper; Attorney Cullen Michael Wojcik for Defendant Mark A. Rouse; Attorney Mark E. Brown for Defendant Jason D. Callebs; Attorney Donny M. Young for Defendant Carl D. Rosenbalm; Attorney Christopher Rodgers for Defendant Alisha C. Daniels; and Attorney Francis L. Lloyd, Jr., for Defendant Brandy T. Jones. All of the Defendants were also present.

Defendants Barton, Mark Rouse, Hickman, Joseph Rouse, and Daniels move the Court to continue the September 18 trial date in this case and to reset all deadlines.[1] They allege that defense counsel have not had sufficient time to review the one terabyte of discovery, consult with their clients, litigate pretrial motions, or prepare the case for trial. Defendant Barton observes that discovery includes 69,000 documents as well as audio and video recordings. The Defendants agree with the initial motion to continue, which relates that the Defendant is waiving any speedy trial issues arising from the requested continuance. Defendant Jones agrees with the need for a trial continuance, as stated by her codefendants, and responds that counsel has advised her of her right to a speedy trial, that she understands that a trial continuance is necessary for her to receive the effective assistance of counsel, and that she waives her speedy trial rights with respect to the requested continuance.

At the August 17 motion hearing, the Court **GRANTED** the Government's motion [**Doc. 167**] to unseal the Second Superseding Indictment with regard to the following Defendants: Leonard B. Brown; Derrick S. Seals; Cory S. Murray; Amber R. Shore; Codie D. Hickman; Kenneth P. Cooper; Angelina Allison Barton; Joseph D. Rouse; John W. Cooper; Mark A. Rouse; Jason D. Callebs; Lonnie Wayne Engle; Gregory D. Brown, Sr.; Jimmy Dean Livesay; Carl D. Rosenbalm; Jessie D. Simpson; Alisha C. Daniels; Brandy T. Jones; and Joseph C. Gonzales. Any

---

[1] The Court observes that Defendant Kenneth Cooper, who filed the original motion to continue, which the codefendants seek to join, is no longer proceeding to trial.

remaining Defendants named in the Second Superseding Indictment should remain sealed pending further order of this Court. The Court then arraigned the Defendants in attendance at the motion hearing on the charges in the Second Superseding Indictment.

Following arraignment, the Court addressed the motions to continue the trial and schedule. Mr. Whalen stated that this case involves voluminous discovery, numerous defendants, and serious charges. He maintained that, as a result, he needed additional time to be duly prepared for trial. Attorneys Wojcik, Gulley, Stone, Rodgers, and Lloyd all agreed with this basis for a continuance. None of the remaining Defendants objected to the requested continuance, and Attorney Wood joined in the motions to continue on behalf of Defendant John Cooper. AUSA Hebets stated that the Government did not oppose the motions to continue the trial and schedule. She agreed that this is a large case with a large amount of discovery, making it appropriate to give defense counsel more time to prepare for trial.

The Court finds the Defendants' motions to continue the trial to be well-taken and unopposed by the Government. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court begins by observing that the Second Superseding Indictment [Doc. 154] charges twenty[2] named Defendants "and other persons" with conspiring to distribute fifty grams or more of methamphetamine over a two and one-half year period (Count One). Various Defendants are charged with possession of methamphetamine with intent to distribute or with distribution of methamphetamine (Counts Two, Three, Seven through Twenty-four, and Twenty-six). Defendants Leonard Brown, Seals, and Gonzalez are charged with possession of a firearm in furtherance of drug trafficking offenses (Counts Four, Five, and Twenty-seven). Defendants

---

[2] As of the August 17 hearing, six Defendants had entered into plea agreements. A signed plea agreement for a seventh Defendant was filed later that afternoon.

Seals and Gonzalez are alleged to have been a felon in possession of a firearm (Counts Six and Twenty-eight). Finally, Defendants Leonard Brown, Seals, Murray, Shore, Hickman, Barton, and others are charged in a money laundering conspiracy (Count Twenty-five). Three of the named codefendants have yet to appear in this case. Discovery in this case is voluminous and contains audio and video recordings. Accordingly, the Court finds that all defense counsel need additional time to review discovery, to file and litigate pretrial motions, to interview witnesses, and to prepare the case for trial. If any motions are filed, the Court will need time to hold a motion hearing, which the Court has set for November 13, 2018, and to rule on the motions. *See* 18 U.S.C. § 3161(h)(1)(H). The Court finds that all of this cannot occur in the four-and-one-half-week period until the trial date or in less than five months. Accordingly, the Court finds that a trial continuance is warranted for counsel to have the reasonable time necessary to prepare for trial, despite their use of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

For the reasons discussed above, the Defendants' motions to continue the trial [**Docs. 119, 120, 122, 123, 124, & 130**][3] are **GRANTED**, and the trial is reset to **January 29, 2019**. The Court finds that all the time between the filing of the initial motions to continue on July 19, 2018, and the new trial date of January 29, 2019, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D), -(1)(H), & -(7)(A)-(B). The Defendants' request to extend the motion deadline is also **GRANTED**. The Court set a new motion deadline of **October 8, 2018**. Responses to motions are due on or before **October 22, 2018**. The Court will hold a hearing on all pending pretrial motions on **November 13, 2018, at 1:30 p.m.** The new deadline for concluding plea negotiations and providing reciprocal discovery

---

[3] Defendant Kenneth Cooper's Motion to Continue Motion Deadline, Pretrial Conference, Plea Deadline, and Trial Date [**Doc. 119**] is **GRANTED**, although it is moot as to Defendant Kenneth Cooper, because it is joined by Defendants who remain set for trial.

is **December 18, 2018**. The parties are to appear before the undersigned for a final pretrial conference on **January 11, 2019, at 10:00 a.m.** The Court instructs the parties that all motions *in limine* must be filed no later than **January 14, 2019**. Special requests for jury instructions shall be submitted to the Chief District Judge no later than **January 18, 2019**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) The Government's motion [**Doc. 167**] to unseal the Second Superseding Indictment with regard to the following Defendants: Leonard B. Brown; Derrick S. Seals; Cory S. Murray; Amber R. Shore; Codie D. Hickman; Kenneth P. Cooper; Angelina Allison Barton; Joseph D. Rouse; John W. Cooper; Mark A. Rouse; Jason D. Callebs; Lonnie Wayne Engle; Gregory D. Brown, Sr.; Jimmy Dean Livesay; Carl D. Rosenbalm; Jessie D. Simpson; Alisha C. Daniels; Brandy T. Jones; and Joseph C. Gonzales is **GRANTED**;

(2) The motions to continue the trial and all deadlines and/or to join in the motions to continue the trial and schedule [**Docs. 119, 120, 122, 123, 124, & 130**] are **GRANTED**;

(3) The trial of this matter is reset to commence on **January 29, 2019, at 9:00 a.m.,** before the Honorable Thomas A. Varlan, Chief United States District Judge;

(4) All time between the filing of the motions to continue on **July 19, 2018**, and the new trial date of **January 29, 2019**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(5) The deadline for filing pretrial motions is reset to **October 8, 2018**. Responses to motions are due on or before **October 22, 2018**;

(6) The Court will hold a motion hearing on all pending pretrial motions on **November 13, 2018, at 1:30 p.m.**;

(7) The deadline for concluding plea negotiations and providing reciprocal discovery is **December 18, 2018**;

(8) The parties are to appear before the undersigned for a final pretrial conference on **January 11, 2019, at 10:00 a.m.**;

(9) Motions *in limine* must be filed no later than **January 14, 2019**; and

(10)  Special requests for jury instructions with appropriate citations shall
      be submitted to the Chief District Judge by **January 18, 2019**.

      **IT IS SO ORDERED.**

                                          ENTER:

                                          Debra C. Poplin
                                          United States Magistrate Judge